UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JP MORGAN CHASE BANK
NATIONAL ASSOCIATION,

     Plaintiff,

v.                                               Case No. 13-13353

JANET A. MAZUR and                         HON. AVERN COHN
MICHAEL R. MAZUR,

     Defendants.

_____/

## MEMORANDUM AND ORDER
## DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND FOR
## DISQUALIFICATION (Doc. 8)
I.

This is a state court eviction action.  Defendants removed the case from Wayne

County Circuit Court.  On August 20, 2013, the Court remanded the case to state court

on the grounds that it lacked subject-matter jurisdiction.  (Doc. 6).

On September 3, 2013, defendants filed the following motion styled:

Janet A. Mazur and Michael R. Mazur, Citizens Defendants' Motion for
Reconsideration of the ORDER NOTICE OF REMAND Dated August 20, 2013
Pursuant to the Federal Rules of Civil Procedure for the United States District
Court, Rule 9 Pleading Special Matters before the Honorable Gerald E. Rosen
and Disqualifying the Honorable Avern Cohn for Rehearing Defendant's Motion
for Reconsideration

Defendants' motion runs 27 pages.  From what can be gleaned, defendants ask the

Court to reconsider the order of remand and ask the undersigned to be disqualified from

hearing further matters in this case.  For the reasons that follow, the motion for

reconsideration and for disqualification will be denied.

II.

Litigation between the parties began in 2009 when defendants, who had an interest in the real property at issue but defaulted on their loan obligations, sued Chase and Washington Mutual in state court. Chase removed the case to federal court, where it was assigned to a different district judge who dismissed it. Mazur v. Washington Mutual, case no. 09-13371. In 2011, Janet Mazur filed a second case in state court regarding the same loans which were the subject of the 2009 case. Chase removed the case to federal court and indicated that it was related to the 2009 case. After the district judge in the 2009 case recused himself, the 2011 case was assigned to the undersigned and dismissed. Mazur v. Chase Bank, 11-15552 (see Doc. 10).

Meanwhile, plaintiff purchased the property at a sheriff's sale on June 14, 2012. Defendants did not redeem within the statutory period. Thereafter, plaintiff filed a complaint in the Municipal Court for Grosse Pointe Woods seeking to evict defendants from the property. On April 4, 2013, the state court granted judgment in favor of plaintiff. Defendants have appealed the order to the Wayne County Circuit Court, in which it is currently pending. Defendants also filed a motion to stay enforcement of the judgment pending appeal, which is pending in the Municipal Court for Grosse Pointe Woods.

Thereafter, defendants filed two notices of removal from Wayne County Circuit Court regarding the eviction action. They were docketed as two separate cases. The first case was filed on August 5, 2013. JP Morgan Chase Bank v. Mazur, 13-13353. It was reassigned to the undersigned as a companion to the 2011 case and is the case before the Court. On August 20, 2013, the Court entered an order of remand (Doc. 6).

The second case was filed on August 18, 2013, <u>JP Morgan Chase Bank v. Mazur</u>, 13-13439.  It too was reassigned to the undersigned as a companion to the 2011 case and the earlier filed 2013 case.  On August 27, 2013, the Court entered a similar order of remand in the second case.  <u>See</u> Doc. 6.[1]

In both orders of remand, the Court cautioned defendants that further frivolous filings may subject them to sanctions.

## III.

## A.

Local Rule 7.1(h) allows a party to file a motion for reconsideration.  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  <u>Czajkowski v. Tindall & Associates, P.C.</u>, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction of any such defect.  E.D. Mich. LR 7.1(h)(3).  A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain.  <u>Witzke v. Hiller</u>, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

## B.

Defendants have not satisfied this standard.  While defendants continue to assert that there are multiple constitutional issues involved in the state court action relating to

---

[1]Defendants have also moved for reconsideration of the remand order in case no. 13-13429 (Doc. 8).

the property, the fact remains that the complaint - a state court eviction action - does not

raise a federal question sufficient to invoke jurisdiction.  Moreover, defendants, as

citizens of Michigan, cannot remove a case to federal court based on diversity of

citizenship.  Nothing in defendants' motion or brief convinces the Court that it made a

palpable error in remanding the case to state court.

IV.

Defendants also move for disqualification of the undersigned.  There is no basis

for disqualification, as explained below.

First, to force a judge to recuse himself or herself under Section 144, a litigant

must submit, along with his motion, an affidavit stating "the facts and the reasons for

[his] belief that bias or prejudice exists."  28 U.S.C. § 144.  Upon the filing of a "timely

and sufficient affidavit," section 144 mandates that the assigned "judge shall proceed no

further, but another judge shall be assigned to hear such proceeding."  Id.; see also

Bhd. of Locomotive Firemen and Enginemen v. Bangor & Aroostook R.R. Co., 380 F.2d

570, 576 (D.C.Cir. 1967) ("The disqualification statute, 28 U.S.C. § 144, is mandatory

and automatic, requiring only a timely and sufficient affidavit alleging personal bias or

prejudice of the judge.").  "Importantly, the mere fact that a party has filed a § 144

motion, accompanied by the requisite affidavit and certificate of counsel, does not

automatically result in the challenged judge's disqualification."  Robertson v. Cartinhour,

691 F.Supp.2d 65, 77 (D.D.C.2010); see also United States v. Miller, 355 F.Supp.2d

404, 405 (D.D.C.2005) ("disqualification is not automatic upon submission of affidavit

and certificate").  Rather, recusal is required only upon the filing of a "timely and

sufficient affidavit" alleging personal bias or prejudice of the judge. 28 U.S.C. § 144.

Here, defendants have not filed an affidavit that sets forth "the facts and the

4

reasons for [his] belief that bias or prejudice [of the undersigned] exists."  Even liberally construing defendants' filing as an affidavit, defendants simply state they believe the Court erred in remanding the case because it involves constitutional issues that should be heard in federal court.  Other than disagreeing with the Court's ruling, defendants have not set forth any statement in the affidavit regarding bias or prejudice by the undersigned.  As such, the motion may be denied on this ground.

Second, Section 455(a) provides, in pertinent part, that a federal judge "shall disqualify himself in any proceeding where his impartiality might reasonably questioned."  Importantly, the law is well-established that adverse judicial decisions can form the basis for recusal only in the most extraordinary circumstances.  See Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. Grinnell Corp., 384 U.S. 563, (1966).  In their motion for reconsideration, defendants have not alleged any improprieties by the undersigned, nor submitted any evidence of alleged bias by the undersigned against defendants.  Moreover, as explained in the order of remand, the law is clearly established that this case should not have been removed.  As such, the Court concludes that a reasonable, objective person would not question: (a) the Court's order of remand, or (b) the undersigned's impartiality in this matter.

IV.

Accordingly, for the reasons stated above, there was no palpable defect upon which the Court or the parties were misled to warrant reconsideration.  In addition, defendants have failed to show that the undersigned should be disqualified. Defendants' motion is DENIED.

Defendants are again put on notice that future filings in this district regarding this matter may be deemed frivolous and vexatious and subject defendants to sanctions,

which may include an order enjoining them from filing papers without leave of court.

See Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998); Filipas v.

Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987).

       SO ORDERED.


                       S/Avern Cohn
                       AVERN COHN
                       UNITED STATES DISTRICT JUDGE


Dated:  September 11, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 11, 2013, by electronic and/or ordinary mail.


                       S/Sakne Chami
                       Case Manager, (313) 234-5160